UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER CARPENTER, MARY T BULZOMI, DANIEL K. IWASAKI, BERNIE L. ACOBA, ROMAN GULLA BIBAT, ANGIE SIAPNO BIBAT,<br><br>          Plaintiffs,<br><br>     vs.<br><br>PNC BANK, N.A., a National Banking Association; ROBERT WHITE; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; FIRST CALIFORNIA MORTGAGE COMPANY; GUINEVERE RAY STROMBERG; BANK OF AMERICA, N.A.; ENRIQUE PIANO PAA, JR.; JOYCE LAN KIM PAA; WELLS FARGO BANK, N.A.; and DOE DEFENDANTS 1-50,<br><br>          Defendants. | CIV. NO. 19-00056 LEK-RT |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR ORDER OF REMAND**

          Before the Court is Plaintiffs Christopher Carpenter,

Mary T. Bulzomi, Daniel K. Iwasaki, Bernie L. Acoba, Roman Gulla

Bibat, and Angie Siapno Bibat's ("Plaintiffs") Motion for Order

of Remand ("Motion"), filed on February 28, 2019. [Dkt.

no. 13.] Defendant PNC Bank, N.A. ("PNC") filed its memorandum

in opposition on March 29, 2019, and Plaintiffs filed their

reply on April 5, 2019. [Dkt. nos. 21, 22.] This matter came

on for hearing on April 19, 2019. For the reasons set forth

below, Plaintiffs' Motion is hereby granted in part and denied
in part. The Motion is granted insofar as the instant case is
remanded to the state court because the non-diverse defendants
were not fraudulently joined. The Motion is denied as to
Plaintiffs' request for an award of removal-related attorneys'
fees and costs because, although the removal was improper, PNC
had an objectively reasonable basis for attempting removal.

## BACKGROUND

The instant case arises out of the foreclosures of
Plaintiffs' respective properties. Plaintiffs filed their
Complaint in the State of Hawai`i Second Circuit Court ("state
court") on December 21, 2018, and the action was removed to
federal court on January 30, 2019. [Notice of Removal (dkt.
no. 1), Decl. of Lauren K. Chun, Exh. 1 (Complaint), Exh. 2
(First Amended Complaint, filed 12/27/18).]

According to the First Amended Complaint: Plaintiffs
Christopher Carpenter ("Carpenter") and Mary T. Bulzomi
("Bulzomi") are residents and citizens of New Jersey; Plaintiffs
Daniel K. Iwasaki ("Iwasaki") and Bernie L. Acoba ("Acoba") are
residents and citizens of Hawai`i; and Plaintiffs Roman Gulla
Bibat and Angie Siapno Bibat ("Bibats") are residents of Nevada,
but they are in the process of moving to Hawai`i, which they
intend to make their permanent residence. [First Amended
Complaint at ¶¶ 3-8.] PNC is the successor by merger to

2

National City Bank ("NCB"). PNC is organized under United States law and Delaware law, and has its principal place of business in Pennsylvania. [Id. at ¶ 9.]

Plaintiffs acknowledge their respective mortgages each gave the mortgagee a power of sale, which authorized the mortgagee to sell the property in the event of default. Plaintiffs contend each mortgagee agreed to sell the property "in a manner reasonably calculated to obtain the best possible price for the" property. [Id. at ¶ 36.] According to the First Amended Complaint, National City Mortgage ("NCM") and/or PNC asserted the right to use Haw. Rev. Stat. Chapter 667, Part I (2008) for the power of sale as the mortgagee and/or the assignee of each of Plaintiffs' mortgages. [Id. at ¶ 37.]

From 2009 through 2011, PNC was represented by the law firm Routh Crabtree Olson, which later became known as RCO Hawaii LLLC ("RCO"), in PNC's nonjudicial foreclosures in Hawai`i. [Id. at ¶ 21.] NCM and/or PNC, acting through RCO, commenced nonjudicial foreclosure proceedings against Plaintiffs, pursuant to the respective mortgages and Haw. Rev. Stat. § 667-5 (2008). [Id. at ¶ 38.]

Plaintiffs allege that the foreclosure notices prepared for the foreclosure of each of Plaintiffs' properties violated Haw. Rev. Stat. § 667-7(a)(1) (2008) because none contained an adequate description of the property to be sold.

[Id. at ¶ 43.]  Plaintiffs also allege that, in each

foreclosure, only a quitclaim deed was offered.  [Id. at ¶ 44.]

Offering and selling only a quitclaim deed, Plaintiffs contend,

breached the mortgagee's duties because it was not reasonably

calculated to obtain the best price for the property.  [Id. at

¶ 46.]

Further, in each foreclosure, the auction was held on

a date other than that specified on the respective foreclosure

notice, *i.e.* the actual auction date was unpublished, and no

notice of the postponement of the sale was published.  Either

PNC or its nominee was the successful bidder at each auction;

the properties were conveyed to PNC or its nominee; and

foreclosure affidavits were recorded.  In this manner,

Plaintiffs assert they were wrongfully deprived of their

properties, and these sales are either void or voidable because

of PNC's failure to comply with Chapter 667, Part I and the

applicable case law.  [Id. at ¶¶ 47-48.]

Defendant Robert White ("White") claims current title

to Carpenter and Bulzomi's property, Defendant Guinevere Ray

Stromberg ("Stromberg") claims current title to Iwasaki and

Acoba's property, and Defendants Enrique Piano Paa, Jr. and

Joyce Lan Kim Paa ("Paas") claim current title to the Bibats'

property.  [Id. at ¶ 77.]  White, Stromberg, and the Paas

(collectively "Purchaser Defendants") are all residents and citizens of Hawai`i. [Id. at ¶¶ 10, 12, 17.]

In a nutshell, Plaintiffs' claims against the Purchaser Defendants arise out of the contention that the foreclosure affidavits used to support the foreclosures of each of Plaintiffs' properties constitute constructive or actual notice of apparent defects in the chain of title. As a result, Plaintiffs contend the Purchaser Defendants are not bona fide purchasers ("BFPs"). Plaintiffs also argue PNC's quitclaim deeds to its nominees were void *ab initio*, and therefore the special warranty deed from the nominees to each of the Purchaser Defendants is also void. See, e.g., id. at ¶¶ 82-83.

Plaintiffs assert they were all members of the putative class in Fergerstrom v. PNC Bank, N.A., CV 13-00526 DKW-RLP ("Fergerstrom"), which was originally filed in the State of Hawai`i First Circuit Court on September 9, 2013.[1] Fergerstrom was removed to this district court, and class certification was denied on September 18, 2018. Thus, Plaintiffs argue the statute of limitations on their claims was tolled starting September 9, 2013 until September 18, 2018, and therefore their claims against PNC are timely. [Id. at ¶ 18.]

---

[1] Plaintiffs' counsel in the instant case are among the counsel who represent the plaintiffs in Fergerstrom.

Plaintiffs assert the following claims: a wrongful foreclosure claim against PNC ("Count I"); unfair and deceptive trade practices and unfair methods of competition, in violation of Haw. Rev. Stat. Chapter 480, against PNC ("Count II"); and quiet title and ejectment against the Purchaser Defendants, and against: First California Mortgage Company ("FCMC") – White's mortgagee; Defendant Bank of America, N.A. ("Bank of America") – Stromberg's mortgagee; Defendant Wells Fargo Bank, N.A. – the Paas' mortgagee; and Defendant Mortgage Electronic Registration Systems, Inc. – FCMC and Bank of America's nominee ("Lienholder Defendants" and "Count III").

PNC removed this case based on diversity jurisdiction. [Notice of Removal at ¶ 10.] PNC contends Plaintiffs are either citizens of Hawai`i or New Jersey, although the Bibats may be citizens of Nevada. PNC is a Delaware citizen. Thus, there is complete diversity between Plaintiffs and PNC. PNC argues the citizenship of the Purchaser Defendants and Lienholder Defendants need not be considered because they were fraudulently joined.

Plaintiffs now seek remand of this case: 1) because this Court lacks subject matter jurisdiction under 28 U.S.C.

§ 1332;[2] and/or 2) based on the forum defendant rule, 28 U.S.C.

§ 1441(b)(2), and also seek an award of attorneys' fees and

costs, pursuant to 28 U.S.C. § 1447(c).

**STANDARD**

## I.  General Removal Principles

The general statute governing removal, 28 U.S.C.

§ 1441, is "strictly construe[d] . . . against removal

jurisdiction." Hansen v. Grp. Health Coop., 902 F.3d 1051, 1056

(9th Cir. 2018) (citations and quotation marks omitted).

> If a district court determines at any time that
> less than a preponderance of the evidence
> supports the right of removal, it must remand the
> action to the state court. See Geographic
> Expeditions, Inc. v. Estate of Lhotka ex rel.
> Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010);
> California ex rel. Lockyer v. Dynegy, Inc., 375
> F.3d 831, 838 (9th Cir. 2004). The removing
> defendant bears the burden of overcoming the
> "strong presumption against removal
> jurisdiction." Geographic Expeditions, 599 F.3d
> at 1107 (citation omitted).

Id. at 1057. The "'strong presumption against removal

jurisdiction means that the defendant always has the burden of

establishing that removal is proper,' and that the court

resolves all ambiguity in favor of remand to state court."

Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009)

---

[2] Plaintiffs also argue this Court lacks jurisdiction under 28 U.S.C. § 1331, but PNC did not assert federal question jurisdiction as a basis of removal. See Notice of Removal at ¶¶ 10-12.

(quoting <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).

## II.  <u>Diversity Jurisdiction and Fraudulent Joinder</u>

PNC removed this case pursuant to 28 U.S.C. § 1332(a), which provides, in relevant part, that federal district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States."  Diversity jurisdiction requires complete diversity of citizenship, <i>i.e.</i>, that every plaintiff be a citizen of a different state from every defendant.  <u>Grancare, LLC v. Thrower ex rel. Mills</u>, 889 F.3d 543, 548 (9th Cir. 2018) (citing <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. E. 2d 437 (1996)).  However, when determining if complete diversity exists, the court disregards the citizenship of any fraudulently joined defendants.  <u>Id.</u> (citing <u>Chesapeake & Ohio Ry. Co. v. Cockrell</u>, 232 U.S. 146, 152, 34 S. Ct. 278, 58 L. Ed. 544 (1914)).

> There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  <u>Hunter v. Philip Morris USA</u>, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting <u>Smallwood v. Illinois Cent. RR. Co.</u>, 385 F.3d 568, 573 (5th Cir. 2004)).  Fraudulent joinder is established the second way if a defendant shows that an "individual[] joined in the action cannot be liable on any theory."

8

Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318
(9th Cir. 1998). But "if there is a **possibility**
that a state court would find that the complaint
states a cause of action against any of the
resident defendants, the federal court must find
that the joinder was proper and remand the case
to the state court." Hunter, 582 F.3d at 1046
(quoting Tillman v. R.J. Reynolds Tobacco, 340
F.3d 1277, 1279 (11th Cir. 2003) (per curiam))
(emphasis added). A defendant invoking federal
court diversity jurisdiction on the basis of
fraudulent joinder bears a "heavy burden" since
there is a "general presumption against [finding]
fraudulent joinder." Id. (citations omitted).

. . . We have declined to uphold fraudulent
joinder rulings where a defendant raises a
defense that requires a searching inquiry into
the merits of the plaintiff's case, even if that
defense, if successful, would prove fatal. See
Hunter, 582 F.3d at 1046 (holding that an implied
preemption affirmative defense was not a
permissible ground for finding fraudulent
joinder).

Id. at 548-49 (emphasis and some alterations in Grancare).

## DISCUSSION

## I.   **Fraudulent Joinder**

Iwasaki and Acoba are Hawai`i citizens, [First Amended

Complaint at ¶¶ 5-6,] as are the Purchaser Defendants.[3] [Id. at

---

[3] When the First Amended Complaint was filed, the Bibats
were residents of Nevada, but they were in the process of
permanently relocating to Maui. [First Amended Complaint at
¶¶ 3-8.] Thus, they may be Hawai`i citizens for purposes of
diversity jurisdiction. See Lockard v. Lockard, 15 F.3d 1086
(9th Cir. 1993) ("An individual is a citizen of his or her state
of domicile, which is defined as the location where he or she
has established a fixed habitation or abode in a particular
place where he or she intends to remain permanently or
indefinitely." (citation and internal quotation marks omitted)).
                                              (. . . continued)

¶¶ 10, 12, 17.]  Thus, complete diversity is lacking, unless the

Purchaser Defendants' citizenship is disregarded because they

were fraudulently joined.  PNC's position is that the Purchaser

Defendants and Lienholder Defendants were fraudulently joined

because Plaintiffs' quiet title claims against them fail as a

matter of law.

### A.  <u>Pleading Standard</u>

Whether a defendant has been fraudulently joined and

whether the claim against that defendant should be dismissed

pursuant to Fed. R. Civ. P. 12(b)(6) do not involve the same

inquiry.  <u>Grancare</u>, 889 F.3d at 549.  Said another way,

Plaintiffs' claims against the Purchaser Defendants "may fail

under Rule 12(b)(6), but th[ose] defendant[s have] not

necessarily been fraudulently joined."  <u>See</u> <u>id.</u>

The fraudulent joinder analysis looks at whether it is

**possible** that a **state court** would deny a motion to dismiss the

claim against the non-diverse defendant.  <u>Id.</u> (quoting <u>Hunter</u>,

582 F.3d at 1046).  Integral to this analysis is what Hawai`i

law demands when determining whether a complaint fails to state

a claim upon which relief can be granted.  <u>See</u> Haw. R. Civ.

P. 12(b)(6) (stating that the defense of "failure to state a

However, because Iwasaki and Acoba are Hawai`i citizens, this
Court need not determine whether the Bibats are Nevada citizens
or Hawai`i citizens.

claim upon which relief can be granted" may be asserted in a motion).

Admittedly, the language of Fed. R. Civ. P. 12(b)(6) is identical to Haw. R. Civ. P. 12(b)(6). These rules however are interpreted differently. In federal court, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This requirement includes the pleading of a plausible factual basis supporting the claim. Id. ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing Twombly, 550 U.S. at 556)).

The Hawai`i Supreme Court, on the other hand, has "expressly reject[ed]" the Twombly/Iqbal pleading standard and "reaffirm[ed] that in Hawai`i state courts, the traditional 'notice' pleading standard governs." Bank of Am., N.A. v. Reyes-Toledo, 143 Hawai`i 249, 252, 428 P.3d 761, 764 (2018). The supreme court stated:

> the [Hawai`i Intermediate Court of Appeals']
> adoption of the Pavsek [v. Sandvold, 127 Hawai`i
> 390, 279 P.3d 55 (2012),] "plausibility" standard
> is contrary to our well-established historical
> tradition of liberal notice pleading and

undermines citizen access to the courts and to justice. Instead of deeming the factual allegations as true as we have consistently held to govern [Haw. R. Civ. P.] 12(b)(6) motions to dismiss, the standard in <u>Pavsek</u> results in factual weighing by the trial court, resulting in inconsistent application.

<u>Id.</u> at 262, 428 P.3d at 774.

Under the Hawai`i notice pleading analysis, the starting point is Haw. R. Civ. P. 8(a),[4] and the supreme court emphasized that:

Noticeably absent from Rule 8(a) is any mention of requiring "plausibility" of factual allegations, or that such allegations be "enough," or some variation of those terms.

. . . .

. . . In other words, "[Haw. R. Civ. P.] **Rule 8(a)(1) does not require the pleading of facts**; it requires a complaint to set forth 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" <u>Hall [v. Kim]</u>, 53 Haw. [215,] 220, 491 P.2d [541,] 545 [(1971)] (citations omitted). Thus, we held whether a pleading states evidence, facts, or conclusions of law was not dispositive. <u>See id.</u>

<u>Id.</u> at 258, 428 P.3d at 770 (emphasis added). Further, "it is not necessary to plead legal theories with precision." <u>Id.</u> at

---

[4] Haw. R. Civ. P. 8(a) states, in pertinent part: "A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a) is similar, but it also requires that the basis for jurisdiction be pled.

259, 428 P.3d at 771 (alterations, citations, and internal

quotation marks omitted).

> If a complaint meets the requirements of [Haw. R.
> Civ. P.] 8(a), dismissal pursuant to [Haw. R.
> Civ. P.] 12(b)(6) is appropriate where "the
> allegations of the complaint itself clearly
> demonstrate that plaintiff does not have a
> claim," Touchette v. Ganal, 82 Hawai`i 293, 303,
> 922 P.2d 347, 357 (1996), and in weighing the
> allegations of the complaint as against a motion
> to dismiss, the court "will not accept conclusory
> allegations concerning the legal effect of the
> events the plaintiff has [alleged]." 5B Charles
> Alan Wright & Arthur R. Miller, Federal Practice
> and Procedure § 1357, at pp. 548-53 (3d ed.
> 2004).

Id. at 262-63, 428 P.3d at 774-75. Using this framework, the

Court considers whether it is possible a state court would rule

Plaintiffs sufficiently pled their position that the Purchaser

Defendants are not BFPs.

**B.    Bona Fide Purchasers**

The Hawai`i Supreme Court has stated:

> A non-bona fide purchaser is one who does not pay
> adequate consideration, "takes with knowledge
> that his transferor acquired title by fraud[,] or
> . . . buys registered land with full notice of
> the fact that it is in litigation between the
> transferor and a third party." Akagi v. Oshita,
> 33 Haw. 343, 347 (1935); Achiles v. Cajigal, 39
> Haw. 493, 499 (1952); see generally 92A C.J.S.
> Vendor and Purchaser § 547 (2010) (defining a
> bona fide purchaser as "one who acquires an
> interest in a property for valuable
> consideration, in good faith, and without notice
> of any outstanding claims which are held against
> the property by third parties").

Kondaur Capital Corp. v. Matsuyoshi, 136 Hawai`i 227, 240 n.27, 361 P.3d 454, 467 n.27 (2015) (alterations in Kondaur Capital).

This Court previously dismissed a quiet title claim on the ground that the plaintiffs failed to plead plausible factual allegations supporting their position that the individuals who purchased their real property in foreclosure were not BFPs. Seegers v. CIT Bank N.A., CIVIL 17-00399 LEK-KSC, 2018 WL 1558550, at *7 (D. Hawai`i Feb. 28, 2018); Lynch v. Bank of New York Mellon, CIVIL 17-00195 LEK-RLP, 2017 WL 3568667, at *1, *5 (D. Hawai`i Aug. 15, 2017) ("Lynch I"). However, the issue at hand here is whether the Purchaser Defendants and Lienholder Defendants were fraudulently joined, not whether Plaintiffs' quiet title claims against the Purchaser Defendants (and the related claims against the Lienholder Defendants) satisfy the Twombly/Iqbal plausibility pleading standard.

The minimum elements of a quiet title claim are: the plaintiff "has a substantial interest in the property"; and "his title is superior to that of the defendants." Ka`Upulehu Land LLC v. Heirs & Assigns of Pahukula, 136 Hawai`i 123, 137, 358 P.3d 692, 706 (2015) (citation and quotation marks omitted). Plaintiffs assert a substantial interest in their respective properties because of their prior ownership. [First Amended Complaint at ¶¶ 29, 31, 33.] Plaintiffs also allege that their title is superior to that of the Purchaser Defendants because

14

the Purchaser Defendants all acquired their title following

PNC's wrongful foreclosure of Plaintiffs' respective properties,

[id. at ¶¶ 48-50,] and the Purchaser Defendants are not BFPs,

[id. at ¶¶ 84, 103, 122].  Under the Hawai`i notice pleading

standard, these allegations constitute a "short and plain

statement" of their quiet title claims, and Plaintiffs are not

required to plead supporting facts.  See Reyes-Toledo, 143

Hawai`i at 258, 428 P.3d at 770 (citation and quotation marks

omitted).  In Reyes-Toledo, the Hawai`i Supreme Court stated:

> [The plaintiff-homeowner ("Homeowner")] also
> incorporated by reference the allegations in her
> wrongful foreclosure count into her quiet title
> count.  Stating she was the owner of the
> Property, she sought to quiet title to the
> Property against Bank of America's adverse claim,
> asserting Bank of America was not the mortgagee.
> Accepting Homeowner's allegations as true, she
> has satisfied [Haw. R. Civ. P.] 8(a)'s pleading
> requirements by asserting that she has a
> substantial interest in the Property, and that
> her interest in the Property is greater than Bank
> of America's.  If Bank of America is indeed not
> the mortgagee, Homeowner's quiet title count
> states a claim upon which relief can be
> granted. . . .

Id. at 265-66, 428 P.3d at 777-78 (citation omitted).

Consistent with its recitation of the notice pleading standard,

the supreme court did not analyze whether the factual

allegations in Homeowner's counterclaim were sufficient to

support her position that Bank of America was not the mortgagee,

nor did the supreme court analyze whether Homeowner's factual

allegations in support of that position were plausible.

Although arguably not required to do so under the

Hawai`i notice pleading standard, Plaintiffs stated the factual

basis for their position that the Purchaser Defendants are not

BFPs.  Plaintiffs allege that:

1) based on statements in the publicly recorded documents
regarding Plaintiffs' respective properties, each of the
Purchaser Defendants had constructive, "if not actual," notice
that "his title was only valid if the foreclosure was valid";
see, e.g., First Amended Complaint at ¶ 86 (as to White and
Carpenter and Bulzomi's property);

2) based on statements in the recorded documents, it was
apparent that there were defects in each of the foreclosure
processes, and the Purchaser Defendants were required to inquire
whether the relevant foreclosure in their respective chain of
title complied with the applicable statutory requirements; see,
e.g., id. at ¶¶ 87-88; and

3) had the Purchaser Defendants conducted such inquiries, each
would have learned that the statutory requirements were not
followed in the respective foreclosure processes, rendering the
deeds which followed each the foreclosure void, or at least
voidable, see, e.g., id. at ¶¶ 88-90.

It is a close question whether this Court can disregard

Plaintiffs' argument regarding "record notice" and "inquiry

notice"[5] because it is merely a "conclusory allegation[]

concerning the legal effect of the events" described in the

First Amended Complaint.  See Reyes-Toledo, 143 Hawai`i at 262,

_____

[5] See, for example, Plaintiffs' Memorandum in Support of
Motion at 30, for their theory regarding "record notice" and
"inquiry notice."

16

428 P.3d at 774.  However, the argument cannot be automatically

rejected as an unsupported legal conclusion because it involves

both issues of fact and issues of law.  This Court therefore

proceeds to the next inquiry: whether Plaintiffs' record/inquiry

notice argument obviously fails "according to the settled rules

of the state," *i.e.*, Hawai`i state law.  See Hunter, 582 F.3d at

1043.

The record/inquiry notice argument fails under the

settled federal pleading rules.  See Lynch I, 2017 WL 3568667,

at *5 (rejecting the argument that "mere recordation of a notice

of sale or a foreclosure affidavit is sufficient to provide

notice to a third party, such as a bona fide purchaser, that a

foreclosure was defective" and concluding that the plaintiffs'

quiet title claim against the subsequent purchasers of their

property was not plausible).[6]  However, currently, no Hawai`i

---

[6] Similarly, in Seegers, this Court stated:

> While Plaintiff alleges that the Mortgagee's
> Affidavit contains information about Defendants'
> alleged wrongdoing, this falls far short of
> providing the factual content necessary to allow
> the reasonable inference that the Current Owners
> knew of the alleged wrongdoing.  See Lynch [I,]
> 2017 WL 3568667, at *5 . . . .  Plaintiff fails
> to plead factual allegations plausibly linking
> the Current Owners to Defendants' alleged
> misconduct.  For example, there is no allegation
> that information about Defendants' alleged
> wrongdoing was contained within any document that
> (. . . continued)

17

appellate decision exists which similarly rejects the
record/inquiry notice theory.  Without a Hawai`i appellate court
decision expressly rejecting this theory, further analysis of
the merits of the BFP argument is not appropriate in a motion
for remand.  <u>See</u> <u>Grancare</u>, 889 F.3d at 548-49 ("We have declined
to uphold fraudulent joinder rulings where a defendant raises a
defense that requires a searching inquiry into the merits of the
plaintiff's case, even if that defense, if successful, would
prove fatal.").  Thus, the Court cannot conclude that
Plaintiffs' record/inquiry notice theory obviously fails under
the rules of settled Hawai`i law.

     Clearly, if this action had been originally filed in
federal court, Plaintiffs' quiet title claims against the
Purchaser Defendants would not survive a motion to dismiss
because Plaintiffs have failed to plead sufficient factual
allegations to plausibly allege the Purchaser Defendants are not
BFPs.  But this is not the inquiry before the Court.  Rather,

---

          the Current Owners actually read or were obliged
          to read.

<u>Seegers</u>, 2018 WL 1558550, at *6; <u>see also</u> <u>Tilley v. Bank of New
York Mellon</u>, Civil No. 17-00524 HG-RLP, 2018 WL 1415171, at *13-
14 (D. Hawai`i Mar. 21, 2018) (rejecting the plaintiffs' theory
asserting constructive notice based on the contents of recorded
documents), *appeal dismissed*, No. 18-15733, 2018 WL 5269236 (9th
Cir. July 30, 2018).  The same counsel who represent Plaintiffs
in the instant case also represented the plaintiffs in <u>Lynch</u>,
<u>Seegers</u>, and <u>Tilley</u>.

Plaintiffs need only demonstrate that it is **possible** that a **state court** would conclude that the quiet title claims state a cause of action against the Purchaser Defendants. Hawai`i state courts apply a notice pleading standard, and Hawai`i appellate courts have not yet rejected the record/inquiry notice theory. Thus, it is possible a Hawai`i state court would conclude Plaintiffs sufficiently pled that their title is superior to the Purchaser Defendants' title, and PNC's fraudulent joinder argument based on BFP status cannot prevail.

## C.   Statute of Limitations

PNC also argues the joinder of the Purchaser Defendants and Lienholder Defendants is fraudulent because Plaintiffs' quiet title claims against them are time-barred.[7] The foreclosures of Plaintiffs' respective properties occurred in 2010 and 2011. [First Amended Complaint at ¶¶ 79, 98, 117.] In connection with the Motion, Plaintiffs have submitted the Purchaser Defendants' deeds to their respective properties.

---

[7] The statute of limitations applicable to each of Plaintiffs' claims against PNC was tolled in light of Fergerstrom, until the denial of class certification. See, e.g., Lee v. ITT Corp., 662 F. App'x 535, 536 (9th Cir. 2016). However, there was no tolling as to Plaintiffs' claims against the Purchaser Defendants and Lienholder Defendants because no subsequent purchaser of foreclosed property was named as a defendant in Fergerstrom. See generally Fergerstrom, Notice of Removal, filed 10/10/13 (dkt. no. 1), Exh. A (Complaint); Fergerstrom, First Amended Complaint, filed 5/18/18 (dkt. no. 91).

[Motion, Decl. of James J. Bickerton ("Bickerton Decl."), Exh. 9 (Special Warranty Apartment Deed from PNC's nominee to White, recorded on 8/26/11), Exh. 14 (Limited Warranty Deed from PNC to Stromberg, recorded on 6/17/11), Exh. 19 (Special Warranty Deed from PNC's nominee to the Paas, recorded on 10/21/11).] Plaintiffs' quiet title claims against the Purchaser Defendants accrued when the Purchaser Defendants acquired their respective properties, which occurred either when their deeds were executed or on recordation of those deeds. See <u>Lynch v. Bank of New York Mellon</u>, CIVIL 17-00195 LEK-RLP, 2018 WL 3624969, at *6 (D. Hawai`i July 30, 2018) ("<u>Lynch II</u>"). Based on either date, Plaintiffs' claims against the Purchaser Defendants all accrued in 2011. PNC argues a six-year statute of limitations applies because Plaintiffs' quiet title claims "depend[] on wrongful foreclosure claims governed by a six year statute of limitations, and the 20-year statute, [Haw. Rev. Stat.] § 657-31, governs only adverse possession cases – an issue not relevant under the facts alleged here."[8]  [Mem. in Opp. at 26.]

        The issue to be resolved is: whether it is possible that a state court would conclude Plaintiffs' quiet title claims

---

        [8] Section 657-31 states: "No person shall commence an action to recover possession of any lands, or make any entry thereon, unless within twenty years after the right to bring the action first accrued."

                                        (. . . continued)

are timely.  No Hawai`i appellate court has expressly held which

statute of limitation applies to a wrongful foreclosure claim,

although the two-year statute of limitations in Haw. Rev. Stat.

§ 657-7 appears to have been rejected.[9]  See Malabe v. Ass'n of

Apartment Owners of Exec. Ctr. ex rel. Bd. of Dirs., NO. CAAP-

17-0000145, 2018 WL 6258564, at *3 n.6 (Hawai`i Ct. App.

Nov. 29, 2018) (citing Hungate v. Law Office of David B. Rosen,

139 Hawai`i 394, 400, 391 P.3d 1, 7 (2017) (wherein the supreme

court recognized the validity of a wrongful foreclosure claim in

a complaint filed four years after the foreclosure sale at

issue)), *cert. granted*, No. SCWC-17-0000145, 2019 WL 2060931

(Hawai`i May 9, 2019).  This Court, noting the lack of

controlling authority, has predicted the Hawai`i Supreme Court

would hold that a six-year limitations period applies to

wrongful foreclosure claims pursuant to Haw. Rev. Stat.

§ 657-1(1).[10]  Lowther v. U.S. Bank N.A., 971 F. Supp. 2d 989,

1013-14 (D. Hawai`i 2013); see also Lynch II, 2018 WL 3624969,

---

[9] Section 657-7 states: "Actions for the recovery of
compensation for damage or injury to persons or property shall
be instituted within two years after the cause of action
accrued, and not after, except as provided in section 657-13."

[10] Section 657-1 states, in relevant part: "The following
actions shall be commenced within six years next after the cause
of action accrued, and not after: (1) Actions for the recovery
of any debt founded upon any contract, obligation, or liability,
excepting such as are brought upon the judgment or decree of a
court[.]"

at *3.  There is, however, no settled Hawai`i law regarding the statute of limitations for a wrongful foreclosure claim.

Even if <u>Hungate</u> and <u>Malabe</u> constitute settled law that the six-year statute of limitations applies to a wrongful foreclosure claim, they do not necessarily constitute settled law regarding the statute of limitations for a quiet title claim arising from a wrongful foreclosure.  In <u>Lynch II</u>, this Court stated:

> It is not clear what statute of limitations period applies to a quiet title claim arising from an alleged wrongful foreclosure.  The Hawai`i Supreme Court has stated that the appropriate statute of limitations period is determined by the nature of the claim or right alleged in the pleadings, not by the form of the pleadings.  <u>Au v. Au</u>, 63 Haw. 210, 214, 626 P.2d 173, 177 (1981).  The supreme court has also recognized that "where two or more causes of action arise from a single transaction, different statute of limitations are applicable to the separate claims."  <u>Id.</u>  **[The mortgagee's] argument that the same statute of limitations for Plaintiffs' wrongful foreclosure claim automatically applies to Plaintiffs' quiet title claims is therefore rejected.**  Looking at the nature of Plaintiffs' quiet title claims, at a minimum, the § 657-1(1) six-year statute of limitations would apply for similar reasons that statute of limitations applies to Plaintiffs' wrongful foreclosure claim.  However, **it is possible that a longer limitations period, such as the § 657-31 twenty-year period, may apply.**  This Court need not decide which statute of limitations applies because, even under the shorter period, Plaintiffs' quiet title claims would be timely.

2018 WL 3624969, at *6 (emphases added).  Based on <u>Au</u>, there is

settled Hawai`i law that the statute of limitations for

Plaintiffs' quiet title claims is not automatically determined

by the statute of limitations for their wrongful foreclosure

claim.

It is true that: the twenty-year statute of

limitations in § 657-31 is most often applied to adverse

possession claims; <u>cf.</u> <u>Malulani Grp., Ltd. v. Kaupo Ranch, Ltd.</u>,

133 Hawai`i 425, 435, 329 P.3d 330, 340 (Ct. App. 2014) (noting

that § 657-31 applies to both an adverse possession claim and a

prescriptive easement claim because the claims have similar

elements); and adverse possession is not at issue in this case.

Further, the better reasoned conclusion is that the six-year

statute of limitations applies to quiet title claims arising

from a wrongful foreclosure.  <u>See, e.g.</u>, <u>Moore v. Kailua Kona</u>

<u>Props., LLC</u>, CIVIL 18-00159 LEK-KSC, 2018 WL 2172489, at *2 (D.

Hawai`i May 10, 2018) ("Plaintiff's quiet title claim is likely

subject to a six-year statute of limitations, pursuant to Haw.

Rev. Stat. § 657-1(4)." (citation omitted)).  However, no

Hawai`i appellate court currently has decided that the six-year

statute of limitations applies or that the twenty-year statute

of limitations does not apply.  This Court therefore cannot

conclude that Plaintiffs' quiet title claims against the

Purchaser Defendants are time-barred under settled Hawai`i law.

Because it is possible a Hawai`i state court could conclude that Plaintiffs' quiet title claims against the Purchaser Defendants, and the related quiet title claims against the Lienholder Defendants, are subject to the twenty-year statute of limitations and thus timely, PNC's fraudulent joinder argument based on the statute of limitations must be rejected.

D.  **Summary**

It is possible a state court would rule that: 1) under the notice pleading standard, Plaintiffs have sufficiently alleged their title is superior to the Purchaser Defendants' title; and 2) Plaintiffs' quiet title claims are subject to the twenty-year statute of limitations and thus are timely.  As such, the Purchaser Defendants were not fraudulently joined. Similarly, because Plaintiffs' quiet title claims against the Lienholder Defendants are based upon Plaintiffs' claims against the Purchaser Defendants, the Lienholder Defendants were not fraudulently joined.  Because there was no fraudulent joinder, the citizenship of all defendants must be considered for purposes of diversity jurisdiction.  This Court therefore lacks diversity jurisdiction over the instant case because there is no complete diversity of citizenship.  In light of these rulings, it is not necessary to address Plaintiffs' other arguments in favor of remand.

Plaintiffs' Motion is granted insofar as the instant case must be remanded to the state court.

## II.  Removal-Related Fees and Costs

Plaintiffs also seek an award of the attorneys' fees and costs they incurred because of the removal of this case.  28 U.S.C. § 1447(c) states, in pertinent part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

> Absent unusual circumstances, a court may award costs and attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005).  Removal is not objectively unreasonable "solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted."  Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008).

Grancare, 889 F.3d at 552.  In light of the case law from this district court supporting PNC's positions regarding the Purchaser Defendants' BFP status and the statute of limitations applicable to Plaintiffs' quiet title claims, PNC had "an objectively reasonable basis for seeking removal."  See id. Plaintiffs' request for an award of removal-related attorneys' fees and costs is therefore denied.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' Motion for Order of Remand, filed February 28, 2019, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as this Court: CONCLUDES that the removal of this case was improper because the non-diverse defendants were not fraudulently joined; and REMANDS the instant case to the state court. The Motion is DENIED as to Plaintiffs' request for an award of removal-related attorneys' fees and costs. The Clerk's Office is DIRECTED to effectuate the remand on **June 6, 2019**, unless PNC files a timely motion for reconsideration of the instant Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, May 22, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

CHRISTOPHER CARPENTER, ET AL. VS. PNC BANK, N.A., ET AL; CV 19-00056 LEK-RT; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ORDER OF REMAND